UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

STACEY WILLIAMS
708 Tanglewood Drive
De Forest, Wisconsin 53532

      Plaintiff,

v.

CHC MANAGEMENT SERVICES, LLC
680 South Fourth Street
Louisville, Kentucky 40202

      Defendant

Case No.: 18-cv-749

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

COMES NOW Plaintiff, Stacey Williams, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the Court as follows:

### JURISDICTION AND PARTIES

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant resides and/or operates its business in the Eastern District of Wisconsin and the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

4. Plaintiff, Stacey Williams, is an adult female resident of the State of Wisconsin with a post office address of 708 Tanglewood Drive, De Forest, Wisconsin 53532

5. Plaintiff is a licensed Registered Nurse in the State of Wisconsin.

6. As a licensed Registered Nurse in the State of Wisconsin, Plaintiff is subject to the procedures, requirements, standards, and consequences as stated and identified in Wis. Admin. Code Chapter N 7, including but not limited to the requirements, standards, and policies that only qualified nurses render services and that she refrain and/or is prohibited from engaging in improper, inadequate, and/or inappropriate supervision or delegation regarding any nursing or prescribed health functions or services that could reasonably be expected to result in unsafe or ineffective patient care.

7. Defendant, CHC Management Services, LLC, was, at all material times herein, a commercial entity with a principal address of 680 South Fourth Street, Louisville, Kentucky 40202.

8. Defendant is a national healthcare management service company.

9. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or their employees were engaged in "commerce," as that term is defined under the FLSA.

10. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

11. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

12. During the relevant time periods as stated herein, Defendant was an "employer" as that term is defined under the FLSA and the WWPCL.

13. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant as these terms are defined under the FLSA and the WWPCL.

14. During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

## GENERAL ALLEGATIONS

15. In approximately February 2016, Defendant hired Plaintiff as a Charge Nurse.

16. Plaintiff is still currently employed by Defendant.

17. During Plaintiff's employment with Defendant, Plaintiff's job duties and responsibilities consisted of performing various nursing functions, duties, and responsibilities.

18. During Plaintiff's employment with Defendant, Plaintiff performed compensable work at primarily at Defendant's Madison, Wisconsin location.

19. During the entirety of Plaintiff's employment with Defendant, Defendant compensated Plaintiff with an hourly rate of pay.

20. During the entirety of Plaintiff's employment with Defendant, Defendant compensated Plaintiff biweekly via check.

21. During the entirety of Plaintiff's employment with Defendant, Plaintiff was a non-exempt employee under the FLSA and WWPCL.

22. During Plaintiff's employment with Defendant, Plaintiff often worked in excess of forty (40) hours per workweek.

23. During Plaintiff's employment with Defendant, Defendant directed Plaintiff to perform and/or had knowledge that Plaintiff was performing more than forty (40) hours of work per workweek.

24. During Plaintiff's employment with Defendant, Defendant's workweek for FLSA and WWPCL purposes was Sunday through Saturday.

25. During Plaintiff's employment with Defendant, Defendant deducted thirty (30) minutes per work day from Plaintiff's timesheets for an unpaid lunch break or meal period.

26. During Plaintiff's employment with Defendant, Defendant deducted thirty (30) minutes per work day from Plaintiff's timesheets for an unpaid lunch break or meal period even though Plaintiff performed compensable work during her lunch break or meal period and/or was not free to leave Defendant's premises during her lunch break or meal period.

27. During Plaintiff's employment with Defendant, Defendant deducted thirty (30) minutes per work day from Plaintiff's timesheets for an unpaid lunch break or meal period even though Defendant knew that Plaintiff was performing compensable work during her lunch break or meal period and/or was not free to leave Defendant's premises during her lunch break or meal period.

28. During Plaintiff's employment with Defendant and in addition to wages earned at her regular (and overtime) rates of pay, Defendant compensated Plaintiff with bi-weekly monetary payments via check, such as bonuses, and incentives, including but not limited to additional shift pay and charge nurse pay.

29. The monetary bonuses and incentives that Defendant compensated Plaintiff with during her employment were based upon her work performance, licensure designation, supervision or seniority status, and/or shift schedule.

30. The monetary bonuses and incentives that Defendant compensated Plaintiff with during her employment with them were non-discretionary in nature: they were made pursuant to a known plan (performance or productivity) or formula and/or were announced and known to Plaintiff to encourage and/or reward her steady, rapid, productive, safe, consistent, regular, predictable, and/or efficient work performance.

31. During Plaintiff's employment with Defendant, Defendant failed to include all non-discretionary forms of monetary compensation in Plaintiff's regular rates of pay when determining overtime compensation due to her during workweeks when she worked more than forty (40) hours during the representative time period.

32. During Plaintiff's employment with Defendant, Defendant suffered or permitted Plaintiff to work without appropriately and lawfully compensating her at an overtime rate of pay, including at the correct overtime rate of pay, for all hours worked in excess of forty (40) hours in a workweek.

33. Defendant's unlawful pay practice as stated herein failed to compensate and deprived Plaintiff of the appropriate and lawful overtime wages and compensation due and owing to her, in violation of the FLSA and WWPCL.

34. Defendant knew or should have known that, in accordance with the FLSA and the WWPCL, it must compensate her for on duty meal periods and must include all forms of non-discretionary monetary compensation in Plaintiff's regular rates of pay when determining overtime compensation due to her during workweeks when she worked more than forty (40) hours.

35. During Plaintiff's employment with Defendant, Plaintiff's paychecks did not properly or lawfully compensate her for all hours worked in a workweek, including those hours worked in excess of forty (40) hours in a workweek.

36. Defendant had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which they were aware and/or of which it should have been aware.

37. Defendant owes Plaintiff earned and unpaid wages, including at an overtime rate of pay (at the correct overtime rate of pay, inclusive of Defendant's non-discretionary payments to Plaintiff), for work performed during Plaintiff's employment with Defendant for which Plaintiff was not properly and lawfully compensated, plus an equal amount for liquidated damages, in an amount to be determined.

### FIRST CAUSE OF ACTION – FLSA VIOLATIONS (OVERTIME PAY)

38. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

39. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

40. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 et seq.

41. Defendant intentionally violated the FLSA by failing to account for and compensate Plaintiff with overtime premium pay, including at the correct overtime rate of pay, for each hour worked in excess of forty (40) hours in a workweek by failing to compensate her

for on duty meal periods and by failing to include all non-discretionary forms of compensation in Plaintiff's regular rates of pay for overtime calculation purposes.

42. Defendant's failure to properly and legally compensate Plaintiff for all compensable work performed at an overtime rate of pay, including at the correct overtime rate of pay, was willfully perpetrated. Defendant has neither acted in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay minimum and overtime premium pay wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

43. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld from Plaintiff by Defendant.

44. Plaintiff is entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of the Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendant.

45. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CAUSES OF ACTION – WWPCL VIOLATIONS

46. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

47. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

48. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

49. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

50. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities, including at an overtime rate of pay and at the correct overtime rate of pay.

51. During Plaintiff's employment with Defendant, Plaintiff worked hours in excess of forty (40) per workweek for which she was not compensated with overtime premium pay, including but not limited to at the correct overtime rate of pay because Defendant failed to include all non-discretionary forms of compensation in Plaintiff's regular rates of pay for overtime calculation purposes during the representative time period for which the non-discretionary forms of compensation covered.

52. At all times material herein, Wis. Admin. Code § DWD 274.02(3) was applicable to Plaintiff's employment with Defendant, which states: "The employer shall pay all employees for on-duty meal periods, which are to be counted as work time. An on-duty meal period is a

meal period where the employer does not provide at least 30 minutes free from work. Any meal period where the employee is not free to leave the premises of the employer will also be considered an on-duty meal period."

53. During Plaintiff's employment with Defendant and when she was provided with a rest break and/or meal period during the workday (regardless of whether the rest break and/or meal period provided Plaintiff with at least thirty (30) consecutive minutes free from work), she performed compensable work and/or was not free to leave Defendant's premises. Despite this, Defendant failed to count or consider Plaintiff's rest breaks and/or meal periods during the workday as on-duty meal periods, which are compensable work time under Wis. Admin. Code § DWD 274.02(3), and instead deducted thirty (30) minutes of compensable work time from Plaintiff's timesheets each work day.

54. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

55. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

56. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing reimbursement for unpaid wages, including but not limited to overtime wages, on-duty meal periods, and pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute;

3. Grant to Plaintiff liquidated damages against Defendant; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 11th day of September, 2018

                              WALCHESKE & LUZI, LLC
                              Counsel for Plaintiff

                              **s/ *James A. Walcheske***
                              James A. Walcheske, State Bar No. 1065635
                              Scott S. Luzi, State Bar No. 1067405
                              Matthew J. Tobin, State Bar No. 1097545

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
mtobin@walcheskeluzi.com